**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| | § | |
| SIRAJ A. ALI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-276 |
| | § | |
| LA MARQUE ISD EDUCATION | § | |
| FOUNDATION, INC., CHIEF RUSSEL | § | |
| WASHINGTON, OFFICER MON L. | § | |
| WHITE, THE KROGER COMPANY, AND | § | |
| SECURITAS SECURITY SERVICES, USA, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER GRANTING DEFENDANT RUSSEL WASHINGTON'S MOTION TO DISMISS AND SUA SPONTE TRANSFERRING CASE

This case arises out of the detention of Siraj A. Ali ("Plaintiff") by an off-duty LaMarque Independent School District policeman at a Kroger grocery store. Now before the Court is the Motion to Dismiss for Failure to State a Claim by Defendant Russel Washington ("Washington"). For the following reasons, Washington's Motion is **GRANTED**, and the Court **SUA SPONTE TRANSFERS** the case to the Houston Division of the Southern District of Texas.

**I. Background**

Plaintiff alleges that Mon White ("White"), a policeman with the LaMarque Independent School District, yelled at Plaintiff for parking in a fire lane at a Kroger grocery store in Houston. White was off duty at the time and employed by either the Kroger Company ("Kroger") or Securitas Security Services, USA, Inc. ("Securitas") as a security guard. White allegedly

1

demanded Plaintiff's driver's license.   Plaintiff refused because he believed that he had no obligation to give his license to a private security guard.   White chased Plaintiff's car in the parking lot, climbed through the window, hit Plaintiff, and tried to get the keys out of the ignition. Plaintiff asked for the Houston Police Department to be called.   Plaintiff alleges that he overheard derogatory statements about his race being made by the HPD officers and White.   Plaintiff was arrested and spent thirteen days in jail.   The criminal charges against him were eventually dismissed.

Plaintiff has sued White, Kroger, Securitas, the LaMarque ISD Education Foundation, Inc. ("LaMarque ISD"), and Russel Washington, who is the chief of the LaMarque ISD Police Department.   Plaintiff has asserted claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights and a 42 U.S.C. § 1981 claim for race discrimination against Washington, LaMarque ISD, and White, as well as state-law claims against White, Kroger, and Securitas.

## II.  Legal Standard

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted.   When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff.   *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993).   "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins*, 224 F.3d at 498.   A motion to dismiss should be granted only when it appears without a

doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

## III.  Analysis

While Plaintiff's allegations, if true, may support claims against White and the private Defendants, Plaintiff has completely failed to state a claim against Washington.  The Court also feels strongly that Plaintiff has no claim as a matter of law against LaMarque ISD for the actions of an off-duty policeman working a second job, but the Court leaves consideration of that issue to the transferee court.

Washington asserts that, as a public official, he is entitled to qualified immunity on Plaintiff's claims.  *See McKnight v. Johnson*, 277 F.3d 1373 (5th Cir. 2001).  Plaintiff must demonstrate why Washington is not so entitled.  *See id.*  To find for Plaintiff, the Court must find that Plaintiff has alleged a violation by Washington of a constitutional right and that the right was clearly established at the time the violation occurred.  *See id.*  Washington's actions must have been objectively unreasonable in light of the clearly-established law.  *See Anderson v. Creighton,* 483 U.S. 635, 641, 107 S. Ct. 3034, 3040, 97 L. Ed. 2d 523 (1987).

Plaintiff alleges that Washington violated his Fourth and Fourteenth Amendment rights.  Specifically, Plaintiff claims that he was unreasonably seized in violation of the Fourth Amendment and that unreasonable and excessive force was used against him in violation of the Fourth and Fourteenth Amendments.

An excessive force claim is cognizable only under the Fourth Amendment, not the Fourteenth, when "it arises in the context of an arrest or investigatory stop of a free citizen." *Graham v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (1989). The excessive force of which Plaintiff complains arose in the context of his detention by White and subsequent arrest by White and HPD. Plaintiff has failed to allege a violation of the Fourteenth Amendment, and therefore Plaintiff has not met the first prong of the qualified immunity test. Plaintiff's Fourteenth Amendment claim against Washington fails as a matter of law.

Plaintiff's § 1983 claim against Washington for violation of his Fourth Amendment rights also fails as a matter of law because Plaintiff has not alleged any facts supporting a claim that *Washington* deprived him of his rights. A successful § 1983 claim requires a showing of personal involvement. *See, e.g., Wanger v. Bonner,* 621 F.2d 675, 679 (5th Cir. 1980); *Jacobs v. City of Port Neches*, 7 F. Supp. 2d 829, 833 (E.D. Tex. 1998). Plaintiff does not allege that Washington was at the scene or otherwise directly involved. Rather, Plaintiff alleges that Washington approved or authorized both White's conduct in this case and a pattern of constitutional violations by White; that Washington failed to train White properly; and that Washington failed to supervise White.

Even when an employee's allegedly wrongful acts occur on the job, a supervisor is not liable under § 1983 on a theory of vicarious liability absent a showing of a wrongful act by the supervisor and a causal connection between that act and the plaintiff's injury. *See Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994); *Wanger*, 621 F.2d at 675. Typically, plaintiffs allege that a supervisor established an unconstitutional policy that was implemented by the subordinate or that a supervisor failed to supervise the subordinate. *See, e.g., Lozano v. Smith*,

718 F.2d 756, 768 (5th Cir. 1983); *Wanger*, 621 F.2d at 680.  Failure of a supervisor to implement procedures to prevent constitutional violations does not support a claim under § 1983.  *See Wanger*, 621 F.2d at 680.  While Plaintiff has alleged a failure to supervise and authorization of an unconstitutional practice, Plaintiff has not described any actual events supporting these allegations.  *See Holland v. City of Houston*, 41 F. Supp. 2d 678, 688 (S.D. Tex. 1999) (holding that plaintiff must allege "specific facts demonstrating a constitutional violation").  Plaintiff has not pointed to a single specific wrongful act by Washington.

Also, Plaintiff has failed to cite any case law supporting a claim that a public official is liable for the actions of an employee who is, at the time of the incident, employed by a private company.  According to Tex. Educ. Code Ann. § 37.081(a) (Vernon 1996), a school district may commission peace officers, but their jurisdiction is limited to the boundaries of the school district plus any property controlled by the school district.  Since LaMarque ISD is not in Houston and the school district does not control Kroger's property, White appears to have been acting outside his jurisdiction.  Therefore, even if Washington had established unconstitutional policies for the LaMarque ISD police, these policies would not control actions by White that occurred outside the bounds of his LaMarque ISD commission.  Plaintiff has not alleged any facts showing that Washington had a right or obligation to control White's activities at the time of the incident.

Finally, Washington is not the final policymaker for LaMarque ISD, and therefore he is not personally responsible for the policies and procedures of the school district.  *See Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737, 109 S. Ct. 2702, 2724, 105 L. Ed. 2d 598 (1989).  A school district's board of trustees is typically the final policymaker, although in this case, the LaMarque ISD Educational Foundation allegedly operates the district and may serve the same role as a board

of trustees.   By statute, the school district, not the chief of police, controls off-duty law enforcement activities of school district policemen.   *See* Tex. Educ. Code Ann. § 37.081(e) (Vernon 1996).  Plaintiff has not alleged any facts showing that LaMarque ISD delegated this duty to Washington such that Washington became the final policymaker on the issue of off-duty law enforcement activities.

Plaintiff has failed to state a claim upon which relief can be granted against Washington pursuant to § 1983 for a violation of Plaintiff's Fourth Amendment rights because Plaintiff has failed to allege any facts which, if proven true, would demonstrate Washington's personal involvement in a denial of Plaintiff's rights.   Washington is entitled to qualified immunity on this claim because Plaintiff has not shown facts supporting a violation of Plaintiff's rights by Washington.

Plaintiff also complains that Washington violated 42 U.S.C. § 1981 because Washington, acting under color of law, discriminated against him based on his race and deprived him of equal benefit of the laws concerning the security of his person.   This claim fails as a matter of law because § 1983 is the only remedy against a public official for a denial of constitutional rights. *See Jett,* 491 U.S. at 731, 109 S. Ct. at 2721; *Oden v. Oktibbeha County*, 246 F.3d 458, 463 (5th Cir. 2001) (affirming the *Jett* decision after 1991 amendments to § 1981).   Therefore, Washington's Motion to Dismiss for Failure to State a Claim is **GRANTED** in its entirety.

## IV.  Sua Sponte Transfer

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   In determining whether a

6

venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference.  *See, e.g.*, *Speed v. Omega Protein, Inc.*, 246 F. Supp. 2d 668, 672 (S.D. Tex. 2003); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395-96 (S.D. Tex. 1992).  The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard.  *See Peteet*, 868 F.2d at 1436.

The dismissal of Plaintiff's claims against Washington removes one of the few significant ties to the Galveston Division.  The Court believes that Plaintiff's case against LaMarque ISD, one of the two remaining Defendants with ties to this Division, has no vitality.  Although White is employed by LaMarque ISD, his employment at a Kroger store in Houston shows that it is not inconvenient for him to travel to Houston.  Plaintiff himself resides in Harris County.  The alleged injury occurred in Houston, so any eyewitnesses to the incident, such as the Houston Police Department officers, probably live in the Houston Division, not the Galveston Division.  This case simply does not have enough connection to the Galveston Division to justify retaining it when the majority of witnesses and the Parties themselves would find it more convenient to litigate in Houston.  At this early stage in trial, transfer is unlikely to cause a significant delay.  The Court therefore **SUA SPONTE TRANSFERS** this case to the Houston Division of the Southern District of Texas.

**V.  Conclusion**

7

Plaintiff has failed to state a claim upon which relief could be granted against Defendant Russel Washington.  Therefore, Washington's Motion to Dismiss is **GRANTED**, and all Plaintiff's claims against Washington ONLY are **DISMISSED WITH PREJUDICE**.  Because the Court finds that Houston would be a more convenient venue for the majority of important witnesses and Parties, the Court **SUA SPONTE TRANSFERS** this case to the Houston Division of the Southern District of Texas.  Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

     **IT IS SO ORDERED**.

     **DONE** this 14th day of July, 2005, at Galveston, Texas.

Samuel B. Kent
United States District Judge